# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 10/17/2019 01:00:49 PM.
DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk. 30-2019-01105584-CU-NP-CXC ROA # 4

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EXPEDIA, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALON RAPHAEL, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court
Civil Complex Center
751 West Santa Ana Blvd.
Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*
30-2019-01105584-CU-NP-CXC

Judge Peter Wilson

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 323-306-4234

DATE: 10/17/2019
*(Fecha)*

Clerk, by DAVID H. YAMASAKI, Clerk of the Court
*(Secretario)* Alose , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

Sarah Loose


(SEAL)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: **Expedia, Inc.**

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 10-22-19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Electronically Filed by Superior Court of California, County of Orange, 10/17/2019 01:00:49 PM.
DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk. 30-2019-01105584-CU-NP-CXC ROA # 2

Todd M. Friedman (SBN 216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com

*Attorneys for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE**
**UNLIMITED JURISDICTION**

| | |
|---|---|
| ALON RAPHAEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXPEDIA, INC.<br><br>Defendant. | Case No. 30-2019-01105584-CU-NP-CXC<br><br>**CLASS ACTION**<br><br>(Amount to exceed $25,000)<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) **CALIFORNIA PENAL CODE § 632.7 [CLASS CLAIM]**<br>(2) **CALIFORNIA PENAL CODE § 632.7 [SUB-CLASS CLAIM]**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Assigned: Judge Peter Wilson<br>Dept: CX102 |

1. ALON RAPHAEL ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of EXPEDIA, INC. ("EX" or "Defendant"), its related entities, subsidiaries and agents in knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record telephone conversation/s with Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 et seq., thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the

1
**CLASS ACTION COMPLAINT**

person being recorded is on a cellular or wireless telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter in that Defendant routinely transacts business in Orange County.

4. Venue in this Court is proper pursuant to Code of Civil Procedure Section 395 and 395.5 because Defendant does business within the County of Orange and the injury took place in Orange County.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, County of Orange. Plaintiff is, and at all times mentioned herein was a "person" as defined by Cal. Pen. C. § 632.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant EXPEDIA, INC. is, and at all times mentioned herein was, a corporation whose corporate headquarters is in Bellevue, Washington. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by Cal. Pen. C. § 632. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Orange, and within this judicial district.

## FACTUAL ALLEGATIONS

7. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Cal. Pen. C. § 632.

8. Defendant is, and at all times mentioned herein was, a corporation and "person," as

2

**CLASS ACTION COMPLAINT**

defined by Cal. Pen. C. § 632.

9. At all times relevant Defendant conducted business in the State of California and in the County of Orange, within this judicial district. Defendant's employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

10. On or about August 11, 2019, and thereafter Defendants and Plaintiff exchanged multiple telephone calls regarding issues related to travel room reservations made by Plaintiff with Defendant.

11. Defendant made a recording of the calls, failing to disclose to Plaintiff that the call was being recorded.

12. Defendant's call was made to Plaintiff's home telephone, which is a wireless telephone.

13. At no time did Plaintiff ever provide actual or constructive consent to Defendant to record the telephone call.

14. It is Defendants' pattern and practice to record calls made to by California residents. Defendants do not inform, or warn, the California residents, including Plaintiff, that the telephone calls may be or will be recorded. Plaintiff was unaware that the phone calls between himself and Defendant in California was recorded. There was no pre-call recorded message. The Defendant's representatives never informed Plaintiff that the calls were being recorded.

15. Plaintiff did not learn that Defendants recorded the phone call between Plaintiff and Defendants until after the events occurred.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of himself and all others similarly situated ("the Class").

17. Plaintiff represents, and is a member of, the Class, consisting of: All persons in California whose inbound and outbound telephone conversations involving their cellular or cordless telephones were recorded without their consent by Defendant or its agent/s within the one year prior to the filing of this action.

3

**CLASS ACTION COMPLAINT**

18. Plaintiff additionally represents, and is a member of, a Sub-Class ("the Sub-Class," collectively with the Class, "the Classes"), consisting of: All persons in California whose inbound and outbound telephone conversations involving their cordless telephones were recorded without their consent by Defendant or its agent/s within the one year prior to the filing of this action.

19. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

20. Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recording inbound and outbound cellular and cordless telephone conversations without their consent within the one year prior to the filing of the original Complaint in this action. Plaintiff and the Classes members were damaged thereby.

21. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

22. The joinder of the Classes members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendant's records or Defendant's agents' records.

23. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual Classes members, including the following:

   1. Whether Defendant has a policy of recording incoming and/or outgoing calls initiated to a cellular and/or cordless telephone;

2. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded;

3. Whether Defendant's policy of recording incoming and/or outgoing calls to cellular and/or cordless telephones constituted a violation of California Penal Code §632.7;

4. Whether Plaintiff, and the Class were damaged thereby, and the extent of damages for such violations; and

5. Whether Defendant should be enjoined from engaging in such conduct in the future.

24. As a person whose telephone communications from Defendant were recorded without notice or consent, Plaintiff is asserting claims that are typical of the Classes because every other member of the Classes, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $2,500 per violation pursuant to California Penal Code § 632.7, and $5,000 per violation pursuant to California Penal Code § 637.2(a).

25. Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

26. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Classes member's claims, few, if any, Classes members could afford to seek legal redress for the wrongs complained of herein.

27. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

28. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with

5
**CLASS ACTION COMPLAINT**

California law. The interest of Classes members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

29. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

### ON BEHALF OF THE CLASS

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as stated herein.

31. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

32. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular or cordless telephone.

6

**CLASS ACTION COMPLAINT**

33. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

34. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

35. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

36. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of the Class utilizing cellular and/or cordless telephones, all in violation of California Penal Code § 632.7.

37. Based on the foregoing, Plaintiff and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

38. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## SECOND CAUSE OF ACTION FOR INVASION OF PRIVACY:
## VIOLATION OF PENAL CODE § 632.7
## ON BEHALF OF THE SUB-CLASS

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as stated herein.

40. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal

7

**CLASS ACTION COMPLAINT**

Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

41. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication...intentionally records, or assists in the...intentional recordation of, a communication transmitted between...a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular or cordless telephone.

42. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

43. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

44. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

45. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of the Sub-Class utilizing cordless telephones, all in violation of California Penal Code § 632.7.

46. Based on the foregoing, Plaintiff and the members of the Sub-Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7 and § 637.2(a).

47. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Sub-Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants:

48. That this action be certified as a class action on behalf of The Class and the Sub-Class and Plaintiff be appointed as the representative of The Class and The Sub-Class;

49. For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class and the Sub-Class;

50. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff, The Class and The Sub-Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

51. That the Court preliminarily and permanently enjoin Defendant from recording each and every incoming and outgoing telephone conversation with California residents, including Plaintiff and The Class and Sub-Class, without their prior consent, as required by California Penal Code § 630, *et seq.*,;

52. For exemplary or treble damages;

53. For costs of suit;

54. For prejudgment interest at the legal rate; and

55. For such further relief as this Court deems necessary, just, and proper.

///
///
///
///
///

9

**CLASS ACTION COMPLAINT**

Case 8:19-cv-02276-DOC-KES   Document 1-1   Filed 11/21/19   Page 12 of 14   Page ID #:23

## Trial By Jury

56. Plaintiff and the Classes Members are entitled to, and hereby demand, a trial by jury.

Dated: October 17, 2019

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

BY: _____
TODD M. FRIEDMAN, ESQ.
ATTORNEYS FOR PLAINTIFF

10
**CLASS ACTION COMPLAINT**

Exhibit A - Page 22

Electronically Filed by Superior Court of California, County of Orange, 10/17/2019 01:00:49 PM.
DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk. 30-2019-01105584-CU-NP-CXC ROA # 3

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 323-306-4234     FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, ALON RAPHAEL | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS: Santa Ana, Ca 92701
CITY AND ZIP CODE:
BRANCH NAME: Civil Complex Center

CASE NAME:
Alon Raphael vs. Expedia, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2019-01105584-CU-NP-CXC<br>JUDGE: Judge Peter Wilson<br>DEPT: CX102 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [✓] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 17, 2019
Todd M. Friedman
(TYPE OR PRINT NAME)                                                    ▶  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition